**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JONATHAN JOSEPH, | |
| Plaintiff, | Civil Action No. 25-2013 (RK) (RLS) |
| v. | **MEMORANDUM ORDER** |
| AMERICAN HONDA FINANCE CORPORATION, | |
| Defendant. | |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Defendant American Honda Finance Corporation's ("Defendant" or "Honda") Motion to Dismiss (ECF No. 5) the Amended Complaint (ECF No. 4, "AC") filed by *pro se* Plaintiff Jonathan Joseph ("Plaintiff"). Plaintiff did not file any opposition to the Motion. For the reasons explained below, the Motion is **GRANTED** and the Amended Complaint is **DISMISSED**.

    Plaintiff, who claims he is domiciled in New Jersey, brings this matter against Honda. (*See* AC at ¶ 3.) Aside from this singular fact, the bases for this lawsuit are entirely unclear to the Court. Although the Amended Complaint is brought against Defendant, the "parties" section of the Amended Complaint names Plaintiff and "The Internal Revenue Services." (*Id.* ¶ 4.) In fact, Honda is not named a single time in the fourteen-paragraph Complaint. As for facts, Plaintiff alleges that he has "exhausted Administrative Remedy" (though he does not specify what remedy he has exhausted and what harm he seeks remedied) (*id.* ¶ 5), and that he has established "judgment in estoppel" against "Respondent" (though he does not explain what this means) (*id.* ¶ 6). Next, Plaintiff asserts a series of legal conclusions: *first,* "Petitioner's administrative remedy

is *res judicata*" (*id.* ¶ 7); *second*, "Failure of Respondent to respond in this matter is *stare decisis*," (*id.* ¶ 8); and *third*, "Petitioner's administrative remedy is ripe for judicial review and there are no facts in controversy (*id.* ¶ 9). All in all, the Amended Complaint does not allege a single fact nor assert a single legal cause of action against any individual or entity. Plaintiff does, however, seek $76,000. (*Id.* ¶ 16.)

Plaintiff attaches to his Amended Complaint a series of documents, but the Court "may not consider matters extraneous to the pleadings [except for] a document *integral to or explicitly relied upon in the complaint*[.]" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (cleaned up) (emphasis in original). Despite Plaintiff's passing reference to these documents in the Amended Complaint, (see AC at ¶¶ 5, 6), he does not explain in any way how they are related—let alone integral—to the pleading.

The Amended Complaint falls far short of the federal pleading requirements. Federal Rule of Civil Procedure ("Rule") 8 requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment must be 'simple, concise, and direct.'" *Washington v. Warden SCI-Greene*, 608 F. App'x 49, 52 (3d Cir. 2015) (quoting Fed. R. Civ. P. 8(d)(1)). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). At its core, the purpose of a pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of Rule 8." *Prelle v. United States*, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 246 (3d Cir. 2013)).

This Court may, *sua sponte*, dismiss a complaint for failure to comply with Rule 8. *Muhammad v. United States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014). Such dismissal is appropriate when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Plaintiff's Amended Complaint, even construed most liberally, does not give Honda any notice of the claims against it. As explained above, the pleading does not name Honda a single time, does not explain what Honda might have allegedly done wrong, and does not assert any cause of action against Honda. Indeed, the Amended Complaint is confused, ambiguous, vague, and unintelligible, thereby necessitating dismissal for failure to comply with Rule 8. *See id.* Although Plaintiff attaches a series of exhibits, he does not allege whether Defendant's purported failure to respond to such notices constitutes any legal violation or entitles Plaintiff to any relief.

Defendant also asks the Court to dismiss the Amended Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction because Defendant was not served process with a signed summons. (ECF No. 5-2 at 1.) In an exhibit attached to a declaration by Defendant's counsel, Brian Kornbrek, the summons appears dated and addressed, but not signed by the Clerk of Court. (*See* ECF No. 5-1 at 7.) According to the Third Circuit, "[a] summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant." *Ayers v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). "Because the parties cannot waive a void summons, 'the failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case.'" *Ackerman v. Beth Israel Cemetery Ass'n of Woodbridge, N.J.*, No. 09-1097, 2010 WL 2651299, at *3 (D.N.J. June 25, 2010) (quoting *Ayers*, 99 F.3d at 569). "Under proper motion, or if the defendant raises the

matter in the responsive pleading, such suit should be dismissed under Fed. R. Civ. P. 12(b)(2)." *Ayers*, 99 F.3d at 569. It is clear from Defendant's exhibit that the summons was not signed, and Plaintiff has not sought to provide any explanation to the contrary. Accordingly, this Court lacks personal jurisdiction over Defendant, and Rule 12(b)(2) is an additional basis for dismissal.

     **IT IS** on this 3rd day of June, 2025, **ORDERED** that:

1. Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**; and

2. Plaintiff's Amended Complaint (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff shall file an Amended Complaint within thirty (30) days of this Order; and

4. Plaintiff's failure to file an Amended Complaint within thirty (30) days of this Order will require Plaintiff to seek leave to amend from the Court, pursuant to Rule 15(a); and

5. The Clerk of Court is directed to terminate the motion pending at ECF No. 5.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE