NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JONATHAN JOSEPH,

        Plaintiff,

v.

AMERICAN HONDA FINANCE
CORPORATION,

        Defendant.

Civil Action No. 25-2013 (RK) (RLS)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Defendant American Honda Finance Corporation's ("Defendant" or "Honda") Motion to Dismiss (ECF No. 8, "Mot.") the Second Amended Complaint (ECF No. 7, "SAC") filed by *pro se* Plaintiff Jonathan Joseph ("Plaintiff"). Plaintiff filed a response in opposition (ECF No. 10, "Opp.") and Defendant filed a reply (ECF No. 13, "Rep."). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is **GRANTED**, and the Second Amended Complaint is **DISMISSED**.

**I. BACKGROUND**

    The Second Amended Complaint is Plaintiff's third attempt at pleading a cognizable claim against Honda for the purported wrongful repossession of his 2024 Honda Civic EX (the "Civic").[1]

---

[1] Although Plaintiff's SAC does not provide a specific basis for the Court's subject matter jurisdiction, (SAC ¶ 1 ("This matter arises under the original jurisdiction in equity granted by Article III Section 2 of the U.S. Constitution.")), his original Complaint properly pleads that this Court has diversity jurisdiction under 28 U.S.C § 1332. (ECF No. 1 at 1–2.)

On June 3, 2025, the Court dismissed Plaintiff's First Amended Complaint ("FAC") for failure to comply with Federal Rule of Civil Procedure ("Rule") 8, finding that the FAC "d[id] not name Honda a single time, d[id] not explain what Honda might have allegedly done wrong, and d[id] not assert any cause of action against Honda." (ECF No. 6 at 3.) Now, while still difficult to discern, Plaintiff's Second Amended Complaint clarifies many—but not all—of the factual bases for his claims.

In May 2024, Plaintiff contracted with Honda to purchase the Civic, which cost at least $35,000. (SAC at 21, 28.) In February 2025, Plaintiff allegedly sent Honda a "Satisfaction of Obligation" as "full settlement and closure of an alleged debt" related to the Civic. (SAC ¶ 5.) In reality, this "Satisfaction of Obligation" was a one-paged "Secured Promissory Note" (the "Note") signed only by Plaintiff which promised to pay Honda $33,516.47 in *ten years*.[2] (ECF No. 10-1 at 4.) Without any indication that Honda was involved in the negotiations or execution of this Note, the Note states:

> As operation of law, [Honda] tacitly consents and agrees that there is an Accord and (Full Debt) satisfaction by the Acceptance and or "Use" of this Note Instrument which makes Full Payment on Creditor's/Payee's debt claim described by the "Alleged Account" specified above. Given the Accord Satisfaction. Payee agrees that the Borrower/Maker is fully discharged from the liability of the Alleged Account and that the obligation is suspended.

(*Id.*)

Subsequent to issuing this "Satisfaction of Obligation," Plaintiff sent a number of follow-up documents to Honda, including a "Constructive Notice of Conditional Acceptance," "Notice of

---

[2] While Plaintiff only includes this "Satisfaction of Obligation" (i.e., the Note) as an exhibit to his opposition brief (*see* ECF No. 10-1 at 4), because this document forms the crux of his claims for wrongful repossession—and there does not appear to be any dispute as to the document's authenticity—the Court considers it in full. *See Bose v. Horizon Blue Cross Blue Shield of New Jersey*, No. 12-4671, 2014 WL 1293861, at *7 n.5 (D.N.J. Mar. 31, 2014) ("[A] court may consider a document not attached to the complaint if 1) the document is attached to a brief, 2) the document is integral to the complaint, and 3) the document is undisputedly authentic.").

Default and Opportunity to Cure," and "Certificate of Non-Response." (SAC ¶ 6.) He alleges that Honda "failed to respond in substance or with proof of dishonor or rejection" to these letters and notices, which somehow indicated to Plaintiff that Honda accepted Plaintiff's Satisfaction of Obligation as payment for the outstanding debt. (*Id.* ¶ 7.) Thus, Plaintiff alleges that Honda's subsequent repossession of the Civic in April 2025 was wrongful. (*Id.* ¶¶ 9–10.) Honda ultimately sold the Civic on May 27, 2025 and informed Plaintiff that his outstanding debt was reduced to $13,275.65. (*Id.* ¶ 11; *see* ECF No. 7 at 28.)

In essence, Plaintiff alleges in the SAC that his unrequited letters and notices to Honda discharged his obligation to pay off the Civic, and Honda ignored Plaintiff's discharge when it nonetheless repossessed and sold the vehicle.[3] The SAC's "Cause of Action" section does not set forth the elements of any legal claim, but rather, makes passing reference to bad faith, contract fraud, breach of trust, conversion, and a violation of due process. (SAC ¶ 12–14.) In terms of relief, Plaintiff seeks (1) an "[a]cknowledgment that the alleged debt has been fully satisfied via [the] Satisfaction of Obligation," (2) "[e]quitable" compensation for the "fair market value" of the Civic, (3) $76,000 in damages for "fraud, conversion and breach of trust," (4) a "[d]eclaratory [j]udgment affirming Plaintiff's lawful standing as Authorized Representative and holder of equitable title to the subject property," and (5) a permanent injunction "restraining Defendant from further collections activity, reporting to any credit rating agency, or enforcement actions related to the subject matter." (*Id.* at ¶¶ 15–19.)

---

[3] The Court notes that Plaintiff has filed a similar federal lawsuit based on largely the same facts against 829 South Urban Renewal LLC. *See Joseph v. 829 S. Urban Renewal LLC*, No. 25-2556, ECF No. 5 (D.N.J.). Although quite discursive, Plaintiff's amended complaint in that case appears to allege that Plaintiff's former landlord—like Honda—neglected to respond to his letter demands and now owes him damages, a discharge of his debt, and the keys to his former apartment in Plainfield, New Jersey. *Id.* at 6. On October 23, the court dismissed Plaintiff's amended complaint. *Joseph*, No. 25-2556, ECF No. 16.

3

Defendant now moves to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim.[4] (*See generally* ECF No. 8-2.)

## II. LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). However, the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lack[ing] any arguable factual or legal basis" or that "surpass all credulity." *Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008) (citations and quotation marks omitted), *aff'd*, 316 F. App'x 172 (3d Cir. 2009).

A *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2022 WL 2871195, at *3 (D.N.J. July 21, 2022) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding that liberal interpretation, a *pro se* plaintiff "must still plead the essential elements of [his] claim." *Alfred v. Atl. City Police Dep't Swat*, No. 14-7536, 2015 WL 5823057, at *1 (D.N.J. Oct. 1, 2015) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

---

[4] Defendant also initially moved to dismiss for insufficiency of process and lack of personal jurisdiction, but it ultimately withdrew these bases following service of the SAC. (*See* Rep. at 1 n.1.)

## III. DISCUSSION

Even interpreting the SAC liberally, it is clear that Plaintiff fails to state a claim for relief. Integral to all of Plaintiff's claims is that his purported "Satisfaction of Obligation" discharged his debt to Honda. However, Plaintiff has not alleged that Honda was bound by that Satisfaction of Obligation in the first place. Under New Jersey law, an offeree only accepts a contract following "an unqualified acceptance" with a clear "manifestation of assent." *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992) (quoting *Johnson & Johnson v. Charmley Drug Co.*, 95 A.2d 391, 397 (N.J. 1953)). Per the Supreme Court of New Jersey, the only circumstances in which an offeree's failure to reply to an offer legally binds the offeree to that contract are "[w]here an offeree *takes the benefit of offered services* with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation." *Id.* at 285 (emphasis added) (quoting Restatement (Second) of Contracts § 69(1)(a)).

Here, Plaintiff does not allege that Defendant assented to the Satisfaction of Obligation or took advantage of any of the "benefits" in Plaintiff's mailed contractual offers. In fact, Plaintiff himself alleges that Defendant did nothing at all—choosing to adhere to the existing terms of their original financing agreement—in response to his mailed letters and notices. (SAC ¶ 7.) As such, Plaintiff has failed to allege a valid agreement with Defendant which discharged his debt.

Without any facts supporting that Plaintiff's debt was properly discharged, the SAC fails to state a claim under any of Plaintiff's proposed legal theories for wrongful repossession. Indeed, because Plaintiff's debt was not discharged by the Satisfaction of Obligation, there are no allegations in the SAC supporting that Honda acted wrongfully when it repossessed and sold the Civic. Yet, some form of wrongful action is required to maintain each of Plaintiff's proposed

claims.[5] *See Zelnick v. Morristown-Beard Sch.*, 137 A.3d 560, 566 (N.J. Super. Ct. Law Div. 2015) (noting breach of contract requires "defective performance" by a defendant); *Ackerman v. Ackerman*, 44 N.J.L. 173, 175 (N.J. 1882) (noting fraud "always implies artifice, deceit, and injury resulting therefrom"); *Essex Cnty. Imp. Auth. v. RAR Dev. Assocs.*, 733 A.2d 580, 585 (N.J. Super. Ct. Law Div. 1999) (stating bad faith requires the "doing of an act for a dishonest purpose"); *First Nat. Bank of Bloomingdale v. N. Jersery Tr. Co., Ridgewood*, 14 A.2d 765, 767 (N.J. 1940) (stating conversion requires a "wrongful act of interference"). In the absence of factual allegations supporting that Honda *wrongfully* repossessed and sold the Civic, Plaintiff's claims fail under Rule 12(b)(6).

In its Motion to Dismiss, Defendant, not unreasonably, seeks to dismiss Plaintiff's claims *with prejudice*. (ECF No. 8-2 at 1, 3.) While the Court notes the SAC is Plaintiff's third operative pleading, Defendant offers no specific explanation as to why an additional opportunity to correct the outlined deficiencies would be "inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citations omitted). Courts across this Circuit have consistently held that, as here, plaintiffs that are "unable to cure [the] deficiencies" in their complaints following dismissal indicates "that any further amendment would be futile." *See, e.g., Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510, 2019 WL 2281632, at *4 (D.N.J. May 29, 2019); *Henry v. City of Allentown*, No. 12-1380, 2013 WL 6409307, at *2 (E.D. Pa. Dec. 9, 2013). Accordingly, in the absence of Defendant's explication of bases warranting a "with prejudice" ruling, and as a final courtesy to the *pro se* Plaintiff, the Court will give Plaintiff a final opportunity to address the deficiencies in the SAC, in the event he chooses to do so.

---

[5] Further, to the extent Plaintiff is attempting to bring a due process claim under 42 U.S.C. § 1983, "private entities are not liable under Section 1983." *Collins v. Volunteers of Am., Del. Valley, Inc.*, No. 25-14328, 2025 WL 2267999, at *1 (D.N.J. Aug. 8, 2025).

Therefore, **IT IS** on this 28th day of October, **ORDERED** that:

1. Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 8) is **GRANTED**; and

2. Plaintiff's Second Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff may file a Third Amended Complaint within 30 days correcting the deficiencies identified in this Memorandum Order; and

4. Plaintiff's failure to file a Third Amended Complaint within 30 days of this Memorandum Order will require Plaintiff to seek leave to amend from the Court, pursuant to Rule 15(a); and

5. Defendants may re-file their motions to dismiss, file new motions to dismiss, or file answers upon Plaintiff's filing of his Third Amended Complaint; and

6. The Clerk of the Court shall **TERMINATE** the Motion pending at ECF No. 8; and

7. The Clerk of the Court shall mail a copy of this Memorandum Order to Plaintiff's address of record via regular U.S. mail.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**